UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICHARD JOHNSON #390367      DOCKET NO. 15-cv-2320; SEC. P

VERSUS                       JUDGE DRELL

CORRECTIONS CORPORATION      MAGISTRATE JUDGE KIRK
OF AMERCIA, ET AL.

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) filed in forma papueris by Plaintiff Richard Johnson. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff names as defendants Corrections Corporation of America and Dietician Ms. Brewer. He complains that Brewer intentionally stepped on his hand.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that in December 2014, he bent down to pick up a condiment packet that he dropped on the floor, when Ms. Brewer maliciously and intentionally stepped on his hand. Plaintiff complains that he suffered pain and suffering, swelling, and the loss of use of his hand for some period of time.

### *Law and Analysis*

The Prison Litigation Reform Act states in pertinent part that

no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A more than *de minimis* physical injury, as defined by §1997e(e) and the jurisprudence, "...is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." See Luong v. Hatt, 979 F.Supp 481 (N.D. Tex. 1997). In the case *sub judice*, Plaintiff has not alleged an injury that is more than de minimis.

Moreover, not every malevolent touching gives rise to a federal cause of action. See Hudson v. McMillian, 503 U.S. 1 (1992). The Supreme Court has said that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force,

2

provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. (quoting Whitley v. Albers, 475 U.S. 312 (1986))(internal quotations and citations omitted). According to the grievance response, Plaintiff touched Brewer's foot. Assuming Brewer intentionally stepped on Plaintiff's hand, the act was a *de minimis* use of force that is not repugnant to the conscience of mankind and does not rise to the level of a constitutional violation.

## *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE as frivolous** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

3

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 17th day of November, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE